UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOSUE CONCEPCION DUARTE ROMERO,
Petitioner,
v.
WARDEN, et al.,
Respondents.

Case No.: 26-cv-4599-BJC-MSB

**ORDER DISMISSING CASE**

On August 12, 2026, Petitioner Josue Concepcion Duarte Romero filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 requesting his immediate release or, in the alternative, a bond hearing. ECF No. 1. On October 28, 2026, the parties filed a Joint Status Report stating that, on October 1, 2026, an immigration judge ordered Petitioner released on $10,000 bond. ECF No. 6. Shortly thereafter, Petitioner was released on bond. *Id*.

District courts have authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, Article III of the U.S. Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 471, 477 (1990). An action becomes moot when there is no present case or

controversy. *Id.* In the immigration context, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation …, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Here, Petitioner challenged his detention pursuant to 8 U.S.C. § 1225, arguing that, as a noncitizen within the interior of the United States, 8 U.S.C. § 1226 should govern his detention and that, pursuant to 8 U.S.C. § 1226, Petitioner is entitled to a bond hearing or immediate release. ECF No. 1 at ¶¶ 14-15, 27. Respondents conceded that Petitioner was subject to 8 U.S.C. § 1226—not 8 U.S.C. § 1225—and scheduled a bond hearing for Petitioner. ECF No. 4 at 2; ECF No. 6. Neither party has alleged that collateral consequences remain. Because the immigration judge's bond determination ultimately permitted Petitioner's release under 8 U.S.C. § 1226, the Court finds there are "no remaining 'collateral consequences' that may be redressed by success on the petition." *Abdala*, 488 F.3d at 1064.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus is therefore moot. *Perez Agustin v. LaRose*, 2025 WL 3277351, at *2-3 (S.D. Cal. Nov. 24, 2025) ("As Petitioner has been released from custody, the Court finds 'the successful resolution of [Petitioner's] pending claims could no longer provide the requested relief.'") (quoting *Abdala*, 488 F.3d at 1064); *see also Alawad v. Figueroa*, 2021 WL 1195789, at *3 (S.D. Cal. Mar. 30, 2021) (finding petitioner's habeas relief moot following his release from custody when petitioner did "not demonstrate that he will suffer any remaining legally cognizable collateral consequences" in the future). The Court **DISMISSES** this case without prejudice. The Clerk of Court is directed to close this matter.

**IT IS SO ORDERED**.

Dated: November 4, 2026

Honorable Benjamin J. Cheeks
United States District Judge